# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

XENIA C GUAM, )
 )
                             Plaintiff, )    Case No. 2:06-cv-00519-PMP-GWF
 )
vs. )    **ORDER**
 )
FIRST NATIONAL BANK OF OMAHA, )
et al., )
 )
                             Defendants. )
_____)

This matter is before the Court on Plaintiff's Oppositions to Defendant's Response to Plaintiff Interrogatories and Demand for Subpoena Order and Demand for Court Order to Invoke FRCP Rule 37 Against the Defendant's in It's Entirty [sic] (#74), filed on March 5, 2007.

## BACKGROUND

On January 17, 2007, Defendant filed a motion to enjoin Plaintiff from filing motions without the Court's permission.  At the February 5, 2007 hearing, the undersigned Magistrate Judge ordered that the Court will review Plaintiff's motions before the Defendant is required to respond to Plaintiff's motions.  The February 9, 2007 Order stated:

> **IT IS HEREBY ORDERED** that Defendant's Emergency Request for a Fed. R. Civ. P. 16 Conference and Motion to Enjoin Plaintiff From Future Filings Without the Court's Permission (#49) is **granted**.  Before Defendant is required to respond to Plaintiff's motions, the Court will first review Plaintiff's motions that are currently before this Court, as well as any further motions that Plaintiff files before this Court, and determine whether Plaintiff's motions have any facial basis.  If Plaintiff's motions appear legitimate and within the scope of the Federal Rules of Civil Procedure, the Court will enter an order directing Defendant to respond by opposition.  If Plaintiff's motions are not found to be reasonably proper, the Court will the strike Plaintiff's motions.

(Order #70, p. 2).

1    In February 2007, Plaintiff served Defendant with twenty-five (25) interrogatories; and on

2    February 27, 2007, Plaintiff received Defendant's answers.  Plaintiff alleges that Defendant has failed to

3    answer Plaintiff's interrogatories pursuant to Fed. R. Civ. P. 26(b)(2), 33, and 37.  Defendant answered

4    Interrogatory Nos. 1 through 3, but objected to Interrogatory Nos. 4 through 25.  Defendant alleges that

5    Interrogatory Nos. 2 and 3 contained discrete subparts which should be counted separately.  Plaintiff

6    filed both a motion to compel answers to interrogatories from Defendant, and a motion for sanctions

7    against Defendant.

8                                   **<u>DISCUSSION</u>**

9    Pursuant to Fed. R. Civ. P. 33, any party may serve upon any other party written interrogatories,

10   not exceeding twenty-five (25) in number including all discrete subparts, to be answered by the party

11   served.  The Court in this District has held that "[d]iscrete or separate questions should be counted as

12   separate interrogatories, notwithstanding they are joined by a conjunctive word and may be related."

13   *Kendall v. GES Exposition Services, Inc.,* 174 F.R.D. 684, 685-86, (D. Nev. 1997).  However,

14   interrogatories with subparts should be counted as part of one interrogatory "if they are logically or

15   factually subsumed within and necessarily related to the primary question."  *Ginn v. Gemini, Inc.*, 137

16   F.R.D. 320, 322 (D. Nev 1991).

17   Plaintiff's interrogatories contain subparts.  In particular, Interrogatory Nos. 2 and 3 contain

18   multiple subparts that are not "logically or factually subsumed within and necessarily related" to the

19   primary interrogatories.  As a result, Interrogatory Nos. 2 and 3 should be counted as separate

20   interrogatories.

21   This Court will determine if Plaintiff has served Defendant with more than twenty-five (25)

22   interrogatories by identifying the scope of each interrogatory.  Interrogatory No. 1 should be counted as

23   one (1) interrogatory.  Interrogatory No. 2 should be counted as nineteen (19) interrogatories.

24   Interrogatory No. 3 should be counted as six (6) interrogatories.  Interrogatory Nos. 4 through 25 should

25   be counted as twenty-two (22) interrogatories.  Interrogatory Nos. 1 through 3 constitute twenty-six (26)

26   interrogatories; and therefore, Plaintiff has exceeded twenty-five (25) interrogatories that she can serve

27   upon Defendant.  Defendant is not required to answer Interrogatory Nos. 4 through 25.  Accordingly,

28   . . .

2

1      **IT IS HEREBY ORDERED** that Plaintiff's Oppositions to Defendant's Response to Plaintiff

2    Interrogatories and Demand for Subpoena Order and Demand for Court Order to Invoke FRCP Rule 37

3    Against the Defendant's in It's Entirty [sic] (#74) is **denied**, and Defendant does not have to respond to

4    the motion by opposition.

5       DATED this 19th day of March, 2007.

6

7

8                    **GEORGE FOLEY, JR.**
                        **UNITED STATES MAGISTRATE JUDGE**

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28